IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY MARQUET CAMPBELL,

    Plaintiff,                        No. CIV S-04-1803 GEB DAD P

    vs.

G. WOODFORD,

    Defendant.                   FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

        On August 18, 2005, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint. Plaintiff was advised that if he was merely alleging that defendant Woodford had failed to comply with the procedures for processing inmate grievances, such an allegation would fail to state a cognizable constitutional claim. See Order filed 8-18-05 at 3 (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)). In his amended complaint, filed on September 12, 2005, plaintiff alleges that defendant Appeals Coordinator Johnson-Dovey failed to complete the first level of review in response to an inmate grievance submitted

/////

/////

1

by plaintiff within fifteen days.[1]  Plaintiff also appears to possibly allege that he was prevented from proceeding with a lawsuit because he could not exhaust his administrative remedies due to defendant Johnson-Dovey's delay.

The court finds that plaintiff has failed to state a cognizable claim concerning the defendant's failure to comply with time requirements for processing his inmate appeal.  State laws and regulations that contain merely procedural requirements, even if those requirements are mandatory under state law, do not give rise to a constitutionally cognizable liberty interest.  Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1987).  The court also notes that the California Code of Regulations, title 15, section 1073(a)(5) provides that procedures for resolving inmates grievances shall include "provision for response within a reasonable time limit[.]"  15 Cal. Code Regs. tit. 15, § 1073(a)(5) (2006).  Thus, California's regulation concerning the processing of inmate appeals provides for flexible appeal time limits.  Such a procedural requirement does not create a liberty interest that may serve as the basis for a due process claim.

Plaintiff also fails to state a cognizable access to court claim.  Such a claim arises under the Due Process Clause of the Fourteenth Amendment.  See Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986).  While this right is well established, an inmate who alleges interference with his right of access to the courts must also allege actual injury.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994).  "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Here,

/////

/////

/////

---

[1] Plaintiff names only Johnson-Dovey as the sole defendant in his amended complaint.

1  plaintiff makes only a vague and conclusory assertion that he was prevented from filing a suit.[2]
2  Such a general allegation is insufficient to state a cognizable claim of denial of access to the
3  courts.
4       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
5  failure to state a claim.
6       These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, plaintiff may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
12 F.2d 1153 (9th Cir. 1991).
13 DATED: October 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17 DAD:4
   camp1803.56

---

20  [2] The court would also observe that plaintiff's bare allegation that he was "prevented" from filing suit by defendant's delay in processing his grievance may stem from plaintiff's
21  misunderstanding of the law in this area.  First, the intersection of exhaustion and statute of limitations requirements creates no problem for prisoners because the statute of limitations for
22  filing suit is tolled while a prisoner completes the mandatory exhaustion process.  Brown v. Valoff, 422 F. 3d 926, 943 (9th Cir. 2005) (citing cases).  In addition, excessive delay by prison
23  officials in responding to grievances, particularly time-sensitive ones, demonstrates that no administrative process is available thus relieving the prisoner of the exhaustion obligation.
24  Brown v. Valoff, 422 F. 3d at 943.  See also Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (administrative remedy unavailable where prison security officials told inmate to wait to file
25  grievance until after the investigation was complete); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001).  In either case, a prisoner
26  is not prevented from filing suit by the delay of prison officials in responding to a grievance.

3